IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ADA N. LOPEZ and ANGEL RAMOS and minor D.R.,

   *Plaintiffs,*

   v.

UNITED STATES OF AMERICA,

   *Defendants, Third-party plaintiff,*

   v.

CENTRO MEDICO DEL TURABO INC.,

   *Third-party defendant,*

CIVIL NO. 19-1219 (DRD)

**OPINION AND ORDER**

The instant case arises of a *Complaint* filed by Mrs. Ada N. López, Mr. Ángel L. Ramos, by themselves and in representation of the minor son D.R., seeking damages against the United States of America (the "Government") for events that occurred between 2012-2013 which allegedly constituted medical malpractice. *See* Docket No. 1. On August 2, 2019, the Government filed a *Third-Party Complaint* against various Third-Party Codefendants; including various unknow insurance carriers. *See* Docket No. 12.

After obtaining the required leave from the Court, the Government filed an *Amended Third-Party Complaint* which included petitioner, Integrated Assurance Solutions ("Integrated"). *See* Docket No. 22. Essentially, the Government alleged that Integrated could be liable for the claims in the *Complaint* as it had issued an insurance policy in favor of Third-Party Codefendant, Centro Médico del Turabo Inc. d/b/a Hospital HIMA San Pablo in Humacao (hereinafter, "HIMA"). *See* Docket No. 22 at 2.

On January 17, 2020, Integrated filed a motion for summary judgement requesting the Court to dismiss the *Third-Party Complaint* against it. Essentially, Integrated argued that it was not HIMA's insurer as it was not licensed as an insurance carrier under Puerto Rico law. To support its argument, Integrated provided to the Court a License the Office of the Commissioner of Insurance ("Office of the Commissioner") issued in its favor where it certified that, pursuant to Puerto Rico's Insurance Code, Integrated is authorized -from December 1, 2019 to November 30, 2021- to act as an "Insurance Producer" and "Surplus Lines Broker". *See* Docket No. 27-1. However, because the facts that purportedly support the *Complaint* and *Amended Third-Party Complaint* occurred during 2012-2013, the Court entered an *Order* in which it ordered Integrated to provide evidence to support its allegations for said period. *See* Docket No. 39.

In compliance with the *Order*, Integrated provided the Court with its *Certificate of Existence*, and the various Licenses issued by the Office of the Commissioner certifying Integrated as an "Insurance Producer" and a "Surplus Line Broker", for the period of December 2011 to November 2021, under Puerto Rico's Insurance Code. *See* Docket No. 43.[1] Considering the applicable law and the evidence provided by Integrated, the Court hereby **GRANTS** Integrated's motion for summary judgement.

---

[1] Although considerable time has transpired since the filing of Integrated's petition, to this date, neither Third-Party Plaintiff nor any other party to the instant action has opposed the request for summary judgment; consequently, the Court deems Integrated's petition as unopposed. *See* PRD Local Rule 7 (b). As a result, the Court may "take as uncontested all evidence presented with that motion." Perez-Cordero v. Wal-Mart Puerto Rico, 440 F.3d 531, 533–34 (1st Cir. 2006); *see*, *also*, NEPSK, Inc. v. Houlton, 283 F.3d 1, 7–8 (1st Cir.2002). Nevertheless, the Court notes that an "entry of a summary judgment motion as unopposed does not automatically give rise to a grant of summary judgment. Instead, 'the district court [is] still obliged to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate.'" Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 25 (1st Cir. 2006); *see*, *also*, Mullen v. St. Paul Fire and Marine Ins. Co., 972 F.2d 446, 452 (1st Cir. 1992).

## II.  FACTUAL FINDINGS[2]

Upon careful review of the record, the Court finds the following facts are undisputed:

1. On November 28, 2011, Puerto Rico's Department of State issued a *Certificate of Existence* in favor of Integrated. *See* Docket No. 51-1.

2. On January 17, 2012, the Office of the Commissioner of Insurance issued License No. 65118 in favor of Integrated. Under said License, Integrated was authorized, pursuant to Puerto Rico's Insurance Code, to act as an "Insurance Producer" with regards to various types of insurance -including insurance for health services- from December 14, 2011 to November 30, 2013. *See* Docket No. 51-2.

3. Said License was renewed for the period of December 12, 2013 to November 30, 2015. Upon said renewal, Integrated was also authorized to act as a "Surplus Lines Broker". *See* Docket No. 43-2.

4. Additionally, said License has been renewed three (3) times, authorizing Integrand to act as "Insurance Producer" and "Surplus Line Broker" for the period of December 1, 2015 to November 30, 2021. *See* Docket No. 43-3 to 43-5.

5. None of said Licenses authorizes Integrated to act as an insurance carrier.

---

[2] Documents provided in support of a petition for summary judgment must either be properly authenticated or must be self-authenticating under the Federal Rules of Evidence. Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000). The Court notes that all of the exhibits provided by Integrated were either issued by Puerto Rico's Department of State or the Office of the Commissioner of Insurance; both under the seal of the agencies and the signature of their leaders. Consequently, the Court finds that said documentation is self-authenticating under Rule 902 of the Federal Rules of Evidence and it can be used to support Integrated's petition for summary judgement.

### III.     LEGAL STANDARD

*A. Motion for Summary Judgment Standard (Fed. R. Civ. P. 56).*

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be entered where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see* Celotex Corp. v. Catrett, 477 U.S. 317, 324-325 (1986). Pursuant to the clear language of the rule, the moving party bears a two-fold burden: it must show that there is "no genuine issue as to any material facts;" as well as that it is "entitled to judgment as a matter of law." Veda-Rodriguez v. Puerto Rico, 110 F.3d 174, 179 (1st Cir. 1997). "A dispute is 'genuine' if the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party." *See* Johnson v. Univ. of P.R., 714 F.3d 48, 52 (1st Cir. 2013); Prescott v. Higgins, 538 F.3d 32, 40 (1st Cir. 2008) (citing Thompson v. Coca–Cola Co., 522 F.3d 168, 175 (1st Cir. 2008)); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-250 (1986); Calero–Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). The analysis with respect to whether or not a "genuine" issue exists is directly related to the burden of proof that a non-movant would have in a trial. "[T]he determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." Liberty Lobby, Inc., 477 U.S. at 255 (applying the summary judgment standard while taking into account a higher burden of proof for cases of defamation against a public figure). In order for a disputed fact to be considered "material" it must have the potential "to affect the outcome of the suit under governing law." Sands v. Ridefilm Corp., 212 F.3d 657, 660–661 (1st Cir. 2000) (citing Liberty Lobby, Inc., 477 U.S. at

247–248); Prescott, 538 F.3d at 40 (1st Cir. 2008) (citing Maymí v. P.R. Ports Auth., 515 F.3d 20, 25 (1st Cir. 2008)).

The objective of the summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997) (citing the advisory committee note to the 1963 Amendment to Fed. R. Civ. P. 56(e)). The moving party must demonstrate the absence of a genuine issue as to any outcome-determinative fact on the record. *See* Shalala, 124 F.3d at 306. Upon a showing by the moving party of an absence of a genuine issue of material fact, the burden shifts to the nonmoving party to demonstrate that a trier of fact could reasonably find in his favor. *Id*. (citing Celotex Corp. v. Catrett, *supra*, at 323). The non-movant may not defeat a "properly focused motion for summary judgment by relying upon mere allegations," but rather through definite and competent evidence. Maldonado–Denis v. Castillo Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994). The non-movant's burden thus encompasses a showing of "at least one fact issue which is both 'genuine' and 'material.'" which affects the granting of a summary judgment. Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990); *see*, *also*, Suarez v. Pueblo Int'l., 229 F.3d 49, 53 (1st Cir. 2000) (stating that a non-movant may shut down a summary judgment motion only upon a showing that a trial-worthy issue exists). As a result, the mere existence of "some alleged factual dispute between the parties will not affect an otherwise properly supported motion for summary judgment." Liberty Lobby, Inc., 477 U.S. at 247–248. Similarly, summary judgment is appropriate where the nonmoving party rests solely upon "conclusory allegations, improbable inferences and unsupported speculation." Ayala–Gerena v. Bristol Myers–Squibb Co., 95 F.3d 86, 95 (1st Cir. 1996); Tropigas De P.R. v. Certain Underwriters at Lloyd's of London, 637 F.3d 53, 56 (1st Cir. 2011) ("We afford no evidentiary weight to conclusory allegations, empty rhetoric, unsupported

speculation, or evidence which, in the aggregate, is less than significantly probative.") (internal citations omitted); Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

When considering a motion for summary judgment, the Court must "draw all reasonable inferences in favor of the non-moving party while ignoring conclusory allegations, improbable inferences, and unsupported speculation." Smith v. Jenkins, 732 F.3d 51, 76 (1st Cir. 2013) (reiterating Shafmaster v. United States, 707 F.3d 130, 135 (1st Cir. 2013)). However, while the Court "draw[s] all reasonable inferences in the light most favorable to [the non-moving party] . . . we will not draw *unreasonable* inferences or credit bald assertions, empty conclusions or rank conjecture*."* Vera v. McHugh, 622 F.3d 17, 26 (1st Cir. 2010) (internal quotations and citation omitted).

Furthermore, the Court must review the record as a whole and refrain from engaging in the assessment of credibility or the gauging the weight of the evidence presented. *See* Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 135 (2000); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); *see*, *also*, Pina v. Children's Place, 740 F.3d 785, 802 (1st Cir. 2014). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Reeves, *supra*, at 150 (quoting Anderson, *supra*, at 250–51).

Summarizing, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." (Emphasis provided). See Fed. R. Civ. P. 56(a). Hence, in order to prevail, Third-party Codefendants must demonstrate that, even admitting well-pleaded allegations in light most favorable to Third-party Plaintiff, the applicable law compels a judgment in its favor.

## IV.    ANALYSIS

As previously stated, the Third-Party Complaint states that "Third-party Co-Defendant Integrated Assurance Solutions is the medical malpractice carrier which had issued an insurance policy in favor of Third-Party Co-Defendant HIMA, covers the instant claim and is liable to Plaintiffs and/or to Defendant/Third Party Plaintiff". Docket No. 22 ¶ 7. However, Third-party Plaintiff's allegation is not supported by law.

Pursuant to Puerto Rico's Insurance Code, **only authorized entities can act as an insurer carriers**. *See* 26 L.P.R.A. § 303 (1) ("No person shall act as an insurer and no insurer shall transact insurance in Puerto Rico except as authorized by a subsisting authority granted to it by the Commissioner, except as to such transactions as are expressly otherwise provided for in this title."). As per the documentation provided by Integrated, during the relevant period -and up to this day- it has only been authorized by the Commissioner of the Insurance to participate in the business of insurance as an "Insurance Producer" and a "Surplus Line Broker", not as an insurance carrier.[3] Pursuant to the above, it is undisputed that, as an "Insurance Producer" or a "Surplus Line

---

[3] An insurance producer is "[t]he person that pursuant to this Code holds a license duly issued by the Commissioner to negotiate insurance in Puerto Rico." 26 L.P.R.A. § 949a. Specifically, Puerto Rico's Insurance Code establishes that the responsibilities of a produced towards the insured are the following:

> The producer shall fulfill the following duties, among others:
> (1) Provide the consumer with a clear and concise orientation about the coverage, benefits, limitations and exclusions of the insurance policy negotiated by him/her, as well as about the duties and obligations of the former as insured under the same.
> (2) Negotiate the insurance product so it adjusts to the coverage needs the consumer seeks.
> (3) Identify and measure the possibility of loss.
> (4) Fulfill the duties imposed according to other provisions of this Code and with the principles of conduct the Commissioner may establish through rules or regulations.
> When the producer acts as authorized representative of the insurer, he/she must also fulfill all those other duties imposed by the insurer by virtue of the contract subscribed between the parties.

> 26 L.P.R.A. § 949(c). *See*, *also*, <u>Sealink, Inc. v. Frenkel & Co.</u>, 441 F. Supp. 2d 374, 385 (D.P.R. 2006).

The Court notes that the *Amended Third-Party Complaint* does not include any allegation which would suggest Integrated violated any of its responsibilities as an "Insurance Producer" or "Surplus Line Producer".

Broker", Integrated cannot be HIMA's insurance carrier as alleged in the *Amended Third-Party Complaint* since it is not authorized by the Office of the Commissioner of Insurance to act as an insurer.

## V. CONCLUSION

For the reasons set forth above, the Court **GRANTS**, Integrated's motion for summary judgement; consequently, all claims against it which ware included in the *Amended Third-Party Complaint* are hereby dismissed.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, May 1, 2020.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge